■ In the Matter of the Claim of GERDA REICH, Appellant. PHILIP MORRIS, INCORPORATED, Respondent. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 15, 1980, which reversed the decision of a referee sustaining an initial determination of the Industrial Commissioner holding claimant to be eligible to receive benefits effective June 11, 1979. The employer contends that this court lacks jurisdiction of the appeal because claimant failed to serve and file a notice of appeal with the board within 30 days of its decision in accordance with section 624 of the Labor Law. The board's decision denying claimant benefits was served and filed on February 15, 1980. Twenty-three days later, on March 10, 1980, claimant wrote a letter to the board requesting that it reopen its decision "while reserving employee's right to appeal the Board's decision to the Appellate Division of the Supreme Court, Third Department." The board denied this application to reopen on June 2, 1980. The issue initially presented is whether claimant's written request to reopen coupled with an explicit intention to appeal to this court constitutes adequate notice of appeal within the meaning of section 624 of the Labor Law. We conclude that the letter to the board sufficiently stated the claimant's disagreement with the board's decision and, consequently, constituted a valid notification of appeal. We recognize the jurisdictional effect of the 30-day notice requirement of the statute. However, since claimant's letter unequivocally expressed her intention to contest the board's decision by way of an appeal, we find that it satisfactorily apprised the board of claimant's intention to appeal and, therefore, comported with the statutory prerequisites. Moreover, neither section 624 of the Labor Law nor the regulations promulgated thereunder delineate any specific formalities to be included in a notice of appeal. Finally, there is substantial evidence in the record to support the

finding of the board that claimant left her employment because she was dissatisfied with her promotional opportunities and not because of any health reasons. When questioned about her decision to terminate her employment, the claimant stated, *inter alia,* that "they gave me all the menial jobs to do. I was begging for more responsible work." General dissatisfaction with job conditions does not qualify as a valid excuse to terminate employment and receive benefits *(Matter of Eisenberg [Catherwood],* 29 AD2d 1019). Accordingly, the board correctly found that claimant voluntarily left her employment without good cause. We find claimant's other contentions to be without merit. Decision affirmed, without costs. Mahoney, P. J., Kane, Mikoll, Casey and Herlihy, JJ., concur.