■ In the Matter of the Claim of ADAM KONJEVIC, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 13, 1979, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective June 2, 1979 on the ground he voluntarily left his employment without good cause. Claimant worked in a paper manufacturing plant for a period of approximately 18 months prior to June 1, 1979, when he left his employment because he believed his personal safety was in jeopardy as a

result of a disagreement he had with his co-workers. On the morning of June 1, 1979, claimant and his co-workers were working on the paper processing machine to which they were assigned. The entire crew, except claimant, took a work break in accordance with the applicable union rules. Claimant continued to work at his position because he believed they were behind schedule in production. In an effort to coax his co-workers back to work, an argument developed. As a result, claimant asked his supervisor to be reassigned. The supervisor was unable to reassign claimant without first consulting a union representative. Rather than wait for reassignment, claimant chose to leave his employment. Claimant contends that the actions of his co-workers endangered his physical safety and, therefore, he left his employment for good cause. The referee's decision, affirmed by the board, was predicated on a finding that claimant was never physically attacked and he never would have been discharged had he not left. It is well established that fear of one's personal safety may constitute good cause for leaving employment *(Matter of Stark [Ross],* 66 AD2d 942). Nevertheless, "each factual situation must be reviewed to determine if the employee has reasonable grounds to conclude that his personal safety is being endangered and that the conduct complained of is such as to inculcate in the employee a genuine fear" *(Matter of Fried [Ross],* 54 AD2d 521). In the instant case, the record clearly indicates that claimant was at least partially responsible for the argument which prompted his decision to leave his employment. Moreover, even assuming, *arguendo,* that claimant might have been in some danger if he returned to his work station, he did not attempt to work out an acceptable arrangement with his supervisor, but rather left work abruptly. Accordingly, the board's finding that claimant left his employment voluntarily for reasons that were personal and noncompelling is supported by substantial evidence in the record. Decision affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.