■ In the Matter of the Claim of JOHN B. SHAFFER, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 4, 1982, which ruled that claimant was ineligible to receive benefits, charged him with a recoverable overpayment of benefits, and imposed a forfeiture of effective days as a penalty in reduction of future benefits. Claimant was employed for some 20 years by Acme Markets until he was laid off in July, 1979. In 1955, he had purchased a 99-acre farm with 50 tillable acres. At the hearing, claimant testified that he made money on the farm one year in five; that his sons did work on the farm, and he would oversee their work; that wheat, corn and oats were grown on the farm; that he kept six to eight cows on the farm; that in 1979 he rented some pasture land; that he purchased the seeds for the farm and did most of the purchasing of materials in connection with the operation of the farm; and that he paid for the utilities in connection with the farm and maintained the insurance on the farm buildings. In a statement sworn to by claimant on February 11, 1982, he stated that he sold livestock and that he generally had six or eight calves or cows on the farm which he raised until they were ready to milk. For the year 1979, claimant filed a farm income and expense form with his Federal income tax showing a gross profit on the sale of livestock and hay of $3,800 and a net farm loss of $9,478. This same form was

filed for the year 1980 showing a gross profit of $4,800 and a net farm loss of $7,894. For both of those years, claimant also filed a computation of Social Security self-employment tax indicating that he was self-employed on a farm. The board held claimant ineligible to receive benefits on the ground that he was not totally unemployed, charged him with an overpayment in benefits ruled recoverable, and held that he made willfully false statements to obtain benefits by reason of which a forfeiture of 200 effective days was imposed. This appeal ensued. The question of total unemployment is a factual one and, since in our view there is substantial evidence in the record to support the board's determination that claimant was not totally unemployed due to his farm activities, we should not disturb it (*Matter of Bartlett [Catherwood]*, 32 AD2d 591). Concerning the issue of claimant's willful false statements to obtain benefits, it appears from the record that, when filing for benefits, claimant answered in the negative the question "[d]o you have any business or are you engaged in any other activity that brings in or may bring in income?" It also appears that during the periods in issue, claimant marked his insurance booklet with an "N" to indicate he was unemployed on the days in question. Claimant submits that there was no evidence of willfulness and, therefore, the imposition of a penalty and the requirement of repayment pursuant to section 594 of the Labor Law were improper. From our review of the record, we conclude that the board could reasonably infer that claimant made a willful false statement when he stated that he was not engaged in any activity that might bring in income. We are also of the opinion that the board could reasonably infer that claimant due to his ownership of the farm and his conduct in regard to the farm, knew that his actions constituted employment (see *Matter of Valvo [Ross]*, 83 AD2d 344, 347-348, affd 57 NY2d 116). Accordingly, the decision should be affirmed. Decision affirmed, without costs. Sweeney, J. P., Kane, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.