■ INSTITUTE FOR RESOURCE MANAGEMENT, INC., Appellant, v LILLIAN ROBERTS, as Commissioner of the New York State Department of Labor, et al., Respondents.—Kane, J. P. Appeal from an order of the Supreme Court at Special Term (Connor, J.), entered January 29, 1986 in Albany County, which denied plaintiff's motion for a preliminary injunction and granted defendants' cross motion to dismiss the complaint.

Plaintiff is engaged in the business of procuring technical personnel for the nuclear power industry in the United States. Several health physics technicians associated with plaintiff filed claims for unemployment insurance benefits with defen-

dants. As a result, the Department of Labor determined that the first of these claimants was plaintiff's employee, not an independent contractor as claimed by plaintiff. The case was referred for a hearing; however, prior to the hearing, the claimant withdrew his claim. Plaintiff apparently withdrew its hearing request.

On July 26, 1984, the Administrative Law Judge (ALJ) granted plaintiff's withdrawal application but held that the initial determination of plaintiff's liability remained in effect. Plaintiff appealed to the Unemployment Insurance Appeal Board. According to plaintiff, while the ALJ's decision stated that a hearing had been held, plaintiff never participated in any form of hearing. In March 1985, the Board rescinded the decision of the ALJ and ordered that a new hearing be held.

Instead of pursuing this remedy, plaintiff commenced an action seeking a declaration that the health physics technicians are not plaintiff's employees and that defendants lack jurisdiction to make such a determination, and seeking to enjoin defendants from conducting further proceedings in the matter. Special Term apparently dismissed the action due to improper service. A new action was commenced thereafter seeking the same relief, with the only difference being the designation of the parties.

Plaintiff thereafter moved for a preliminary injunction, seeking to enjoin defendants from taking any further administrative action in this matter. Defendants opposed the motion and cross-moved to dismiss the complaint. Special Term denied the plaintiff's motion and, apparently treating the action as a proceeding pursuant to CPLR article 78 in the nature of prohibition, granted defendants' cross motion. This appeal ensued.

Preliminarily, we find that Special Term correctly converted this action to an article 78 proceeding in the nature of prohibition. The essence of plaintiff's claim seeks a declaration that defendants lack jurisdiction to decide the question of whether an employer-employee relationship exists. In other words, plaintiff is charging that defendants are acting in excess of their jurisdiction by holding administrative proceedings to determine the above-referenced issue. Consequently, article 78 treatment is appropriate (see, CPLR 7803 [2]).

Turning to the merits, we find no merit to plaintiff's assertions. The Legislature has specifically granted the ALJ and the Board the jurisdiction to decide the question of whether a person or entity is an employer within the meaning of the

Labor Law (Labor Law § 620 [1] [b]; § 621). Moreover, Labor Law § 626 provides that the procedure set forth in the Labor Law is the exclusive procedure for challenging such determinations. This being the case, the action, which had been converted to a CPLR article 78 proceeding, was properly dismissed *(see, Matter of Dondi v Jones, 40 NY2d 8, 13; Matter of Rainka v Whalen, 73 AD2d 731, 732, affd 51 NY2d 973)*. Finally, we note that if plaintiff is aggrieved after a determination by the Board, it has the right to appeal directly to this court (Labor Law § 624).

Order affirmed, with costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.