■ In the Matter of the Claim of ALDEN W. WITHAM, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Harvey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 22, 1986, which, *inter alia,* ruled that claimant was ineligible to receive benefits because he was not totally unemployed.

Claimant worked for Mohawk Furniture, Inc. as an industrial designer of furniture for approximately two years until March 21, 1985. During this time, and for several years prior thereto, claimant was also self-employed, manufacturing wooden instrument boxes for another company. In December 1984, clamant indicated to Mohawk Furniture that he planned to expand his personal business and would eventually pursue that work full time. Mohawk Furniture stated that claimant could maintain his position as long as his personal venture was kept confidential. The news subsequently leaked out, however, and claimant was fired on March 21, 1985.

Claimant applied for unemployment insurance benefits. Claimant's local unemployment office issued revised determinations on May 2, 1985 in which it determined that claimant was ineligible for benefits because he was not totally unemployed, and that he was disqualified because he lost his employment through misconduct. The Unemployment Insurance Appeal Board ultimately overruled the determination that he was disqualified from receiving benefits. However, the determination that he was ineligible was sustained. Claimant appealed.

Determining whether a claimant is totally unemployed is a factual question for the Board which must be upheld if supported by substantial evidence *(Matter of Shaffer [Roberts],* 96 AD2d 621, 622; *Matter of McCune [Ross],* 83 AD2d 659, 660, *appeal dismissed* 54 NY2d 1023). The fact that the business a claimant is involved in is nonremunerative or not in full operation during the relevant period does not preclude a finding by the Board that the claimant is not totally unemployed *(see, Matter of Arnold [Roberts],* 104 AD2d 685; *Matter of Scheer [Catherwood],* 33 AD2d 1063). Here, there was evidence that claimant had been engaged in an ongoing self-

employed business for approximately six years. He kept business records and took business-related deductions on his tax returns. He supplied wooden boxes to a company as requested. While his activities in this business appeared to be minimal during the relevant period, this does not necessarily mean that the business ceased to exist. There was no contention by claimant that he intended to abandon his business during this period. There was evidence that he was working towards expanding his business to include the manufacturing of windows, doors and other furniture. In light of the above evidence, the Board's decision that claimant was not totally unemployed should be affirmed.

Decision affirmed, without costs. Kane, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.