■ In the Matter of the Claim of NORRINE HALVORSEN, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 21, 1990, which, *inter alia,* ruled that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.

The Unemployment Insurance Appeal Board found that, during the period that claimant was collecting unemployment insurance benefits, she was not totally unemployed as she was the sole owner of an active corporation involved in various ventures, including newspaper distribution, snowplowing, pet care and a home health aide service. Claimant maintained a telephone for the business in her home, advertised to solicit business for the corporation and maintained a corporate bank account. In addition, claimant admitted that on her tax returns she claimed as business expenses the answering machine for her telephone, the advertising and expenses regarding the home aide service. Therefore, the decision that claimant was not totally unemployed is supported by substantial evidence *(see, Matter of Muller [Levine],* 50 AD2d 1005, *lv denied* 40 NY2d 806; *Matter of Carasso [Catherwood],* 23 AD2d 935; *see also, Matter of Witham [Roberts],* 134 AD2d 752). Finally, substantial evidence also supports the Board's conclusion that the overpayment in benefits was recoverable and that claimant made willful false statements *(see, Matter of O'Leary [Roberts],* 93 AD2d 915, 916). It was claimant's responsibility to disclose all pertinent facts which might be determinative of her right to benefits *(see, supra,* at 916).

Mahoney, P. J., Weiss, Mikoll, Yesawich Jr. and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.