■ In the Matter of the Claim of GLORIA L. BERMUDEZ, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 16, 1991, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant's supervisor testified that claimant informed her that she was resigning and that she was doing so because she "didn't feel like she was going anyplace in the company" and that she "didn't think it was working out" between claimant and the supervisor. The supervisor also testified that she was satisfied with claimant's work and had even arranged for claimant to get two raises. Inability to get along with a supervisor is not good cause for leaving employment *(Matter of Grossman [Levine],* 51 AD2d 853), nor is dissatisfaction with promotional opportunities *(Matter of Reich [Philip Morris, Inc. —Ross],* 79 AD2d 841). Even if claimant's contention that she feared she was being replaced was accepted, quitting in anticipation of discharge also does not constitute good cause *(see, Matter of Manson [Hartford Acc. & Indem. Group—Levine],* 50 AD2d 980) and, in any event, this raised a question of credibility for the Unemployment Insurance Appeal Board to resolve *(see, Matter of Baker [Hartnett],* 147 AD2d 790, *appeal dismissed* 74 NY2d 714). Under the circumstances, the Board's conclusion that claimant left her employment for personal and noncompelling reasons is supported by substantial evidence and must be upheld *(see, Matter of Konjevic [Ross],* 80 AD2d 696). Claimant's remaining contentions have been considered and rejected as lacking in merit.

Mikoll, J. P., Yesawich Jr., Levine, Mercure and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.