■ MICHAEL H. VARTANIAN, Appellant, v RESEARCH FOUNDATION OF STATE UNIVERSITY OF NEW YORK et al., Respondents. [642 NYS2d 726] —Peters, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered September 12, 1994 in Albany County, which, *inter alia*, granted defendants' motions to dismiss the complaint for, *inter alia*, failure to state a cause of action.

In April 1993, plaintiff was appointed an adjunct professor at the University at Albany on a voluntary, unpaid basis while employed elsewhere on a full-time, salaried basis. In July of that year, plaintiff lost his paid employment. In August, he applied for unemployment insurance benefits and began preparing research grant proposals, on a full-time basis, in his capacity as an adjunct professor. Plaintiff performed grant proposal activities on behalf of the University through defendant Research Foundation of State University of New York which administered and formally submitted plaintiff's proposals. If accepted and funded, the proposals would have provided plaintiff with a full-time, salaried position.

Effective August 9, 1993, plaintiff was declared ineligible for unemployment insurance benefits on the ground that he was not totally unemployed (*see*, Labor Law § 522). Upon such determination, plaintiff requested and was refused payment for his services from the Research Foundation. During the pendency of an administrative appeal, plaintiff commenced

this action contending that a controversy exists between defendants as to his employment status since one defendant or the other should compensate him for his loss of unemployment insurance benefits. The Research Foundation moved to dismiss the complaint for failure to state a cause of action and defendant Commissioner of Labor moved to dismiss the complaint for lack of subject matter jurisdiction.

Supreme Court determined, *inter alia*, that the complaint failed to state a cause of action for a declaratory judgment because it did not state a justiciable controversy within the meaning of CPLR 3001 and that plaintiff's sole remedy for challenging the unemployment insurance determination was dictated by Labor Law article 18. Plaintiff appeals.*

Plaintiff's contention that a justiciable controversy exists (*see*, CPLR 3001) centers on his perception that he has suffered financial loss due to the fact that the Research Foundation and the Commissioner have taken contrary positions on the issue of his employment status. We disagree. The Research Foundation had no interest in, was not a party to and did not participate in the unemployment insurance proceedings and, accordingly, would not be bound thereby. To the extent the proceedings are relevant, it must be noted that the unemployment insurance determinations clearly reflect plaintiff's agreement with the University that he was "to receive no compensation" in connection with his activities as an adjunct professor. The determination that plaintiff was not totally unemployed (*see*, Labor Law § 522) does not necessarily mean that he was entitled to compensation (*see*, *Matter of Saffioti [Catherwood]*, 28 AD2d 1013, *lv denied* 21 NY2d 641; *see also*, *Matter of Witham [Roberts]*, 134 AD2d 752; *Matter of Arnold [Roberts]*, 104 AD2d 685; *Matter of Boyd [Ross]*, 59 AD2d 804, *affd* 46 NY2d 723). Thus, we find that the unemployment insurance determination created no controversy between defendants and that Supreme Court properly dismissed the declaratory judgment claim.

We further find no basis for plaintiff's claim against the Research Foundation since plaintiff's complaint clearly alleges that he performed services for the University, pursuant to mutual agreement, on a voluntary basis and without any expectation of compensation. Since plaintiff failed to state a viable claim for compensation, Supreme Court properly dismissed the complaint against the Research Foundation.

---

* Plaintiff is essentially seeking a declaratory judgment and a review of a nonfinal administrative determination for the sole purpose of recovering a stated sum of money. Thus, contrary to plaintiff's contention, this is an action at law, not equity (*see*, 55 NY Jur 2d, Equity, § 44, at 476-479).

The dismissal of the complaint against the Commissioner must also be upheld. Pursuant to Labor Law § 626, the sole and exclusive procedures for challenging determinations rendered with respect to unemployment insurance claims are set forth in Labor Law §§ 620 through 625 (see, *Institute for Research Mgt. v Roberts*, 122 AD2d 465, 467, *lv denied* 69 NY2d 602). Since plaintiff has neither exhausted the available administrative remedies (see, *Matter of Constantine v White*, 166 AD2d 59) nor complied with Labor Law § 624 for an appeal, we will not disturb Supreme Court's order. In reaching such determination, we need not address the cross motion for a subpoena duces tecum.

Cardona, P. J., Crew III, White and Casey, JJ., concur. Ordered that the order is affirmed, without costs.