■ In the Matter of MICHAEL H. VARTANIAN, Appellant, v UNEMPLOYMENT INSURANCE APPEAL BOARD, NEW YORK STATE DEPARTMENT OF LABOR, et al., Respondents. [653 NYS2d 440] —Mercure, J. P. Appeal from a judgment of the Supreme Court (Harris, J.), entered August 21, 1995 in Albany County, which,

in a proceeding pursuant to CPLR article 78, granted respondents' motions to dismiss the petition for lack of jurisdiction and on the ground that the matter was not ripe for judicial review.

Unwilling to accept the logic of the Commissioner of Labor's determination that petitioner's unpaid work on behalf of respondent Research Foundation of the State University of New York rendered him ineligible to receive unemployment insurance benefits based upon his prior full-time paid employment as a research scientist, petitioner continues in his effort to obtain compensation.* In this CPLR article 78 proceeding, petitioner seeks, *inter alia,* to compel respondent Chancellor of the State University of New York to decide whether the intellectual property contained in research proposals petitioner prepared on behalf of the Research Foundation belongs to him. In the absence of any discernible claim by petitioner that he has an ownership interest in any such work, we conclude that Supreme Court properly dismissed the petition against the Chancellor as not ripe for judicial review (*see, Church of St. Paul & St. Andrew v Barwick,* 67 NY2d 510, 518, *cert denied* 479 US 985). In addition, to the extent that petitioner seeks to compel the Chancellor to perform a judgmental act, mandamus will not lie (*see, Matter of Bytner v Greenberg,* 214 AD2d 931; *Matter of Van Aken v Town of Roxbury,* 211 AD2d 863, *lv denied* 85 NY2d 812). Finally, Supreme Court was correct in its determination that it lacked jurisdiction to entertain the branch of the proceeding that related to proceedings before respondent Unemployment Insurance Appeal Board (*see, Institute for Resource Mgt. v Roberts,* 122 AD2d 465, *lv denied* 69 NY2d 602), and those proceedings have been finally concluded in any event (*Matter of Vartanian [Sweeney],* 232 AD2d 711, *supra*).

White, Casey, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* The factual background for this controversy and the details concerning the prior action and administrative proceeding initiated by petitioner may be gleaned from our prior decisions therein (*Matter of Vartanian [Sweeney],* 232 AD2d 711; *Vartanian v Research Found.,* 227 AD2d 744, *appeal dismissed* 88 NY2d 1053).