■ COLIN SHAFFER, Appellant, v VICTORY VAN LINES, INC., et al., Respondents. [697 NYS2d 166] —In an action, *inter alia,* to

recover damages for wrongful discharge, age discrimination, assault, battery, and intentional infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Richmond County (Cusick, J.), dated June 18, 1998, which granted the motion of the defendants Victory Van Lines, Inc., and Jim Simpson to dismiss the complaint insofar as asserted against them, and granted the separate motion of the defendant Rich Clarkson to dismiss the causes of action asserted against him.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff raises claims against his former employer and two employees of his former employer, alleging, *inter alia*, that he was wrongfully discharged from his employment and was the victim of assault, battery, intentional infliction of emotional distress, and age discrimination.

The plaintiff's claim against his employer for unemployment insurance benefits was denied by the Unemployment Insurance Appeal Board on the ground that he had voluntarily left his employment without good cause. If the plaintiff had suffered fear for his safety, that would have constituted good cause for leaving his employment (*see, Matter of Trella,* 253 AD2d 970; *Matter of Konjevic,* 80 AD2d 696, 697). However, the Appellate Division, Third Department, in confirming the determination of the Unemployment Insurance Appeal Board against the plaintiff, held that the plaintiff voluntarily left his employment, and that the conduct complained of amounted to "criticism" which did not constitute good cause for leaving (*see, Matter of Shaffer v Victory Van Lines,* 257 AD2d 944). Accordingly, the allegations of wrongful discharge, assault, battery, and intentional infliction of emotional distress are barred by the principles of collateral estoppel (*see, Ryan v New York Tel. Co.,* 62 NY2d 494).

Collateral estoppel does not bar the plaintiff's cause of action to recover damages based on age discrimination (*see, Board of Educ. v New York State Human Rights Appeal Bd.,* 106 AD2d 364). Contrary to the defendants' contention, the appellant is not barred from alleging age discrimination because he is under 30 years of age. New York State anti-age-discrimination laws apply to anyone 18 years of age or older (*see,* Executive Law § 296 [3-a] [b]). However, the appellant raises no allegations from which one can infer that he was discriminated against because of his age.

The plaintiff's remaining contentions are either without

merit or need not be addressed in light of our determination. Santucci, J. P., Joy, Friedmann and Goldstein, JJ., concur.