■ In the Matter of the Claim of MARIA T. FASCALDO, Appellant. COMMISSIONER OF LABOR, Respondent. [724 NYS2d 371] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 19, 2000, which, *inter alia*, ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was discharged from her employment as a bank teller for violating the employer's policy regarding check cashing procedures. On January 19, 2000, the Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving benefits because she was terminated due to misconduct. Claimant thereafter applied to the Board for a re-

opening and reconsideration of the January 19, 2000 decision. On March 30, 2000, the Board denied this request. In the interim, claimant filed a notice of appeal on March 15, 2000 from the original decision. Claimant has not appealed from the denial of her request for reopening and reconsideration.

Inasmuch as claimant's appeal is untimely, we will not consider the merits. Labor Law § 624 provides that an appeal from a decision of the Board must be filed within 30 days. Claimant's notice of appeal from the Board's decision of January 19, 2000 was not filed until March 15, 2000, well after the 30-day limitations period had expired (*see, Matter of Rogers [Community Health Ctr.—Commissioner of Labor]*, 268 AD2d 937). Accordingly, the appeal is dismissed as untimely.

Mercure, J. P., Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the appeal is dismissed, as untimely, without costs.