■ In the Matter of the Claim of HOLLIS F. BOSTIC, Appellant. COMMISSIONER OF LABOR, Respondent. [731 NYS2d 901] —Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed September 15, 2000, which ruled, *inter alia,* that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed, and (2) from a decision of said Board, filed May 2, 2001, which ruled, *inter alia,* that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant filed for and received unemployment insurance benefits beginning in March 1998. He thereafter worked full

time as an engineer for CRM Communications Corporation from April 27, 1998 through May 24, 1998. During this time he certified for benefits, indicating that he was totally unemployed. Claimant subsequently worked full time for Property Resources Corporation from June 7, 1999 through August 1, 1999 and again continued to certify for benefits indicating that he was totally unemployed. At separate hearings held with regard to each employer, claimant testified that notwithstanding the fact that he knew it was wrong to certify that he was unemployed when he was in fact working, he did so because he was under extreme financial hardship.

With regard to claimant's employment with Property Resources Corporation, the Unemployment Insurance Appeal Board ruled, by decision dated September 15, 2000, that claimant was ineligible to receive unemployment insurance benefits from June 7, 1999 through August 1, 1999 because he was not totally unemployed, charged him with a recoverable overpayment of benefits and held that he made willful false statements to obtain benefits. Likewise, in connection with claimant's employment with CRM Communications Corporation, the Board ruled, by decision dated May 2, 2001, that claimant was ineligible to receive benefits effective April 27, 1998 through May 24, 1998 on the basis that he was not totally unemployed, charged him with a recoverable overpayment of benefits and held that he made willful false statements to obtain benefits. Claimant appeals.

Initially, we note that claimant did not file a notice of appeal from the September 15, 2000 decision until March 27, 2001 and, accordingly, that appeal is not properly before us and must be dismissed as untimely (*see, Matter of Fascaldo [Commissioner of Labor]*, 283 AD2d 827; *Matter of Rogers [Community Health Ctr.—Commissioner of Labor]*, 268 AD2d 937). With regard to the May 2, 2001 decision of the Board, we are satisfied that it is supported by substantial evidence in the record.

Crew III, J. P., Peters, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the appeal from the decision filed September 15, 2000 is dismissed, as untimely, without costs. Ordered that the decision filed May 2, 2001 is affirmed, without costs.