■ HECTOR PROWSE, Appellant, v STATE OF NEW YORK, Respondent. [770 NYS2d 915]—

Peters, J. Appeal from an order of the Court of Claims (Collins, J.), entered November 4, 2002, which, inter alia, granted defendant's motion to dismiss the claim.

In connection with claimant's initial application for unemployment insurance benefits, the Department of Labor issued two determinations disqualifying him from receiving benefits on the ground that he voluntarily left his employment without good cause, and also charged him with a recoverable overpayment of benefits as well as reduced his right to receive future benefits. An Administrative Law Judge upheld these determinations following a hearing. In July 2001, the Unemployment Insurance Appeal Board dismissed claimant's appeal from the Administrative Law Judge's decision as untimely. In January 2002, claimant filed a second application for unemployment insurance benefits and his benefit rate was established at $405 per week. In accordance with its prior determinations, the Department of Labor applied a forfeiture penalty effectively reducing claimant's eligibility period and recovered a prior overpayment of benefits by applying a set-off against benefits payable to claimant in February and March 2002.

In April 2002, claimant filed the instant claim seeking to challenge the foregoing adverse unemployment insurance determinations. Prior to serving an answer, defendant moved to dismiss the claim based upon lack of subject matter jurisdiction. The Court of Claims granted the motion and dismissed the claim, resulting in this appeal.

We affirm. Labor Law § 626 makes it clear that the procedures set forth in Labor Law §§ 620 through 625 are the exclusive method for challenging unemployment insurance determinations (*see Vartanian v Research Found. of State Univ. of N.Y.*, 227 AD2d 744, 746 [1996], *appeal dismissed* 88 NY2d 1053 [1996], *lv dismissed and lv denied* 89 NY2d 965 [1997]; *Institute for Resource Mgt. v Roberts*, 122 AD2d 465, 467 [1986], *lv denied* 69 NY2d 602 [1986]). Pursuant to Labor Law § 624, a party seeking review of a decision of the Unemployment Insurance Appeal Board must file an appeal with this Court within 30 days of the mailing or personal delivery of such decision. Here, claimant did not file a timely appeal of the Board's July 2001 decision with this Court and the time to do so has now expired. Moreover, it does not appear from the present record that claimant took an administrative appeal from the subsequent determination of the Department of Labor reducing his eligibility period and applying a set-off. Inasmuch as the foregoing statute does not contemplate review by the Court of Claims and claimant failed to follow the exclusive procedure for review detailed in the Labor Law, the Court of Claims properly concluded that it was without jurisdiction and dismissed the claim.

Cardona, P.J., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.