■ In the Matter of the Claim of RONALD N. ANDRONICA, Appellant. COMMISSIONER OF LABOR, Respondent. [841 NYS2d 707]—

Appeals from two decisions of the Unemployment Insurance Appeal Board, filed February 24, 2006 and September 11, 2006, which ruled, among other things, that claimant was ineligible to receive and was disqualified from receiving unemployment insurance benefits because he was not totally unemployed and had voluntarily left his employment without good cause, and charged him with a recoverable overpayment on the basis that he made willful misrepresentations to obtain benefits.

Claimant formed a corporation in November 2002 and served as its president and sole shareholder, deducting the business losses from his personal tax returns. In April 2004, claimant applied for unemployment insurance benefits. On his application, claimant indicated that he was the sole officer and shareholder of his corporation, and that he was not receiving a salary. By two initial determinations dated March 29, 2005, the Commissioner of Labor found claimant ineligible to receive benefits on the basis that he was not totally unemployed as a result of his financial interest in the corporation and found him disqualified from receiving benefits on the basis that he quit his employment without good cause. Thereafter, claimant resigned from the corporation and appointed his wife as its president and then sold it to his wife for $1.

Claimant filed a new application for unemployment insurance benefits in June 2005, but was again found ineligible to receive benefits based on his continued interest in the corporation. After a hearing, an Administrative Law Judge overruled the initial determination and awarded claimant benefits. By decision filed February 24, 2006, the Unemployment Insurance Appeal Board reversed, finding that claimant was the "true principal" of the corporation and, thus, he lacked total unemployment. Thereafter, by another initial determination of the Commissioner, claimant was found to have made misrepresentations to obtain benefits and was charged with a recoverable overpayment of $9,720 and his right to receive future benefits was reduced by

eight days. The Board ultimately sustained this determination in September 2006. Claimant appeals from both Board decisions.

Initially, we note that claimant did not file a notice of appeal from the February 24, 2006 decision until July 8, 2006. Pursuant to Labor Law § 624, a party seeking review of a decision of the Board must file a notice of appeal with this Court within 30 days of the mailing or personal service of such decision. Accordingly, claimant's appeal from the February 2006 decision must be dismissed as untimely (see Labor Law § 624; *Matter of Bostic [Commissioner of Labor]*, 288 AD2d 527, 528 [2001]; *Matter of Fascaldo [Commissioner of Labor]*, 283 AD2d 827, 828 [2001]). In any event, were we to consider the merits, we would find substantial evidence in the record to support the Board's decision that claimant is not totally unemployed and, thus, is ineligible to receive benefits.

With regard to the September 11, 2006 decision of the Board, although claimant testified that he no longer operates the corporation, the record demonstrates that claimant maintains a financial interest in the business and superficially distanced himself from the business for the sole purpose of obtaining unemployment insurance benefits. Accordingly, the Board's determination that claimant made willful misrepresentations to obtain benefits is supported by substantial evidence (see *Matter of Lapczynski [Commissioner of Labor]*, 43 AD3d 523, 524 [2007]; *Matter of Bostic [Commissioner of Labor]*, 288 AD3d at 528).

Cardona, P.J., Crew III, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the appeal from the decision filed February 24, 2006 is dismissed, as untimely, without costs. Ordered that the decision filed September 11, 2006 is affirmed, without costs.