■ In the Matter of the Claim of DOUGLAS V. WELSH, Appellant. COMMISSIONER OF LABOR, Respondent. [860 NYS2d 639]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 8, 2007, which denied claimant's application to reopen and reconsider a prior decision.

Claimant worked part time as a deli counter associate for the employer for approximately one year before he quit, citing his unhappiness with waiting on customers and working a part-time schedule. His application for unemployment insurance benefits was ultimately denied by the Unemployment Insurance Appeal Board on the basis that he voluntarily left his employment without good cause. The Board granted claimant's subsequent application for reopening and reconsideration and adhered to its prior decision. Claimant thereafter again timely applied for reopening and reconsideration, which was denied by the Board in a decision filed May 8, 2007. Claimant now appeals.

Inasmuch as claimant's notice of appeal from the Board's May 8, 2007 decision was not filed until July 10, 2007, well after the 30-day time period, it is untimely (*see* Labor Law § 624; *Matter of Fascaldo [Commissioner of Labor]*, 283 AD2d 827, 828 [2001]). Although claimant's representative sent a letter to the Board dated May 31, 2007 that indicated claimant's dissatisfaction with the Board's May 8, 2007 decision, the letter does not explicitly state claimant's intention to appeal to this Court or reserve his right to do so. Consequently, such communication is insufficient to serve as a valid notice of appeal pursuant to Labor Law § 624 (*compare Matter of Reich [Philip Morris, Inc.— Ross]*, 79 AD2d 841, 841 [1980]).

Finally, we note that claimant's brief is submitted by an indi-

vidual acting pursuant to a power of attorney. New York law, however, "prohibits the practice of law in this State on behalf of anyone other than himself or herself by a person who is not an admitted member of the Bar, regardless of the authority purportedly conferred by execution of a power of attorney" (*People ex rel. Field v Cronshaw*, 138 AD2d 765, 765 [1988], *lv dismissed* 72 NY2d 872 [1988]).

Mercure, J.P., Peters, Carpinello, Kane and Stein, JJ., concur. Ordered that the appeal is dismissed, as untimely, without costs.