■ In the Matter of the Claim of JANET CUCCIA, Appellant. MARTINEZ & RITORTO, P.C., Respondent; COMMISSIONER OF LABOR, Respondent. [865 NYS2d 743]—

Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed November 19, 2007, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct, and (2) from a decision of said Board, filed December 20, 2007, which dismissed an application for reopening and reconsideration.

Claimant worked as a legal secretary at a law firm for a few months. She was terminated from her position after she was late for work despite having received prior warnings from her employer. By decision mailed on November 19, 2007, the

Unemployment Insurance Appeal Board disqualified claimant from receiving unemployment insurance benefits on the ground that her employment was terminated for misconduct. On December 20, 2007, the Board issued a subsequent decision dismissing an application for reopening and reconsideration because no actual application had been filed by claimant.* Claimant appealed both decisions on January 17, 2008. The employer moved to dismiss the appeal from the November 2007 decision based upon claimant's failure to timely file it within 30 days of the Board's decision. This Court denied the motion without prejudice to the employer raising this issue on appeal.

Turning first to the timeliness issue, claimant's appeal from the Board's November 19, 2007 decision was not filed until January 17, 2008, well outside the 30-day statutory time period for taking such action (see Labor Law § 624; CPLR 5513 [a]; 22 NYCRR 800.17). Given claimant's failure to comply with this mandatory time requirement, her appeal from this decision must be dismissed as untimely (see Matter of Welsh [Commissioner of Labor], 51 AD3d 1351, 1351 [2008]; Matter of Andronica [Commissioner of Labor], 43 AD3d 1222, 1223 [2007]; see also Prowse v State of New York, 4 AD3d 581, 582 [2004]). In any event, even if we were to consider the underlying merits of the Board's November 2007 denial of claimant's application for benefits, we would find no reason to disturb its decision. We note that continued lateness, despite prior warnings, has been held to constitute disqualifying misconduct (see Matter of Van Beek [Commissioner of Labor], 32 AD3d 622 [2006]; Matter of Dintino [Commissioner of Labor], 21 AD3d 1151, 1152 [2005]). In the case at hand, the employer's representatives testified that claimant continued to arrive late to work even though she had been previously warned that her job was in jeopardy if her punctuality problems persisted. Accordingly, substantial evidence supports the Board's finding that claimant's employment was terminated due to misconduct.

Finally, although claimant's appeal from the Board's December 20, 2007 decision was taken within the 30-day statutory time period, this decision was issued in response to an application to reopen that was not even filed by claimant. Significantly, she has failed to raise any arguments in her brief regarding the dismissal of said application, thereby abandoning it (see Matter of Moorer [Commissioner of Labor], 40 AD3d 1335 [2007]).

Peters, J.P., Carpinello, Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the appeal from the decision filed

---

* The application had instead been filed by another claimant and processed under claimant's case in error.

November 19, 2007 is dismissed, as untimely, without costs. Ordered that the decision filed December 20, 2007 is affirmed, without costs.