■ In the Matter of NUMRICH GUN PARTS CORPORATION, Appellant, v PETER M. RIVERA, as Commissioner of Labor, et al., Respondents. [981 NYS2d 631]—

Peters, P.J. Appeal from a judgment of the Supreme Court (McNamara, J.), entered April 30, 2013, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondents' motion to dismiss the petition/complaint.

An audit of petitioner's business by respondent Department of Labor culminated in a September 2011 decision of the Unemployment Insurance Appeal Board (hereinafter Board) finding that certain off-site call center representatives utilized by petitioner were independent contractors, rather than employees, for unemployment insurance purposes. Approximately one year later, two of petitioner's call center representatives—both of whom were the subject of the Department's prior audit—filed claims for unemployment insurance benefits after their contracts were terminated. Notwithstanding the prior, unappealed decision of the Board finding petitioner's call center representatives to be independent contractors, the Department

issued an initial determination finding these two call center representatives and others to be employees of petitioner under the Labor Law, claiming that they "have obtained information, which was not available to the . . . Board and Administrative Law Judge prior to rendering their decisions, relating to the actual circumstances under which these services were performed." Petitioner thereafter requested a hearing before an Administrative Law Judge to challenge that determination. Petitioner also commenced this combined CPLR article 78 proceeding and action for declaratory judgment seeking, among other things, a judgment prohibiting respondents from characterizing its call center representatives as employees for purposes of unemployment insurance and from conducting further administrative proceedings on this issue. Supreme Court granted respondents' motion to dismiss the petition/complaint based upon lack of subject matter jurisdiction, and this appeal by petitioner ensued.

While we are sympathetic to petitioner's frustration as a result of being subject to seemingly vexatious and duplicative administrative proceedings, we are nonetheless constrained to affirm. "Labor Law § 626 makes it clear that the procedures set forth in Labor Law §§ 620 through 625 are the exclusive method for challenging unemployment insurance determinations" (*Prowse v State of New York*, 4 AD3d 581, 582 [2004]; *see Vartanian v Research Found. of State Univ. of N.Y.*, 227 AD2d 744, 746 [1996], *appeal dismissed* 88 NY2d 1053 [1996], *lv dismissed and denied* 89 NY2d 965 [1997]; *Institute for Resource Mgt. v Roberts*, 122 AD2d 465, 467 [1986], *lv denied* 69 NY2d 602 [1986]). In accordance with those provisions, unemployment insurance determinations issued by the Department may be challenged by requesting a hearing before an Administrative Law Judge (*see* Labor Law § 620) and, in the event of an adverse determination, by pursuing an appeal to the Board and, thereafter, to this Court (*see* Labor Law §§ 621, 624). Thus, Supreme Court properly concluded that it was without jurisdiction and dismissed the petition/complaint (*see Prowse v State of New York*, 4 AD3d at 582; *Institute for Resource Mgt. v Roberts*, 122 AD2d at 467).

Lahtinen, Garry and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.