Salvador v Town of Queensbury (2018 NY Slip Op 04617)





Salvador v Town of Queensbury


2018 NY Slip Op 04617


Decided on June 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 21, 2018

525555

[*1]JOHN SALVADOR JR., Appellant,
v
TOWN OF QUEENSBURY, Respondent, et al., Defendants.

Calendar Date: April 26, 2018

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Rumsey, JJ.


Madeline Sheila Galvin, Delmar, for appellant.
Miller, Mannix, Schachner & Hafner LLC, Glens Falls (Leah Everhart of counsel), for Town of Queensbury, respondent.


Clark, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Pritzker, J.), entered November 16, 2016 in Warren County, which granted a motion by defendants Town of Queensbury, Town of Moreau and Warren County to dismiss the amended complaint against them.
In 1992, the Legislature established the Crandall public library district for the Town of Moreau, Saratoga County, the Town of Queensbury, Warren County and the City of Glens Falls, Warren County (see L 1992, ch 456). Pursuant to the enabling statute, the Town Boards of Moreau and Queensbury and the City Council of Glens Falls are responsible for levying an ad valorem tax "upon the real property lying within the boundaries of their municipalities" to satisfy their respective shares of the library district's total annual expenditures, with their respective shares being determined in accordance with a statutory formula (L 1992, ch 456, § 5 [d]). Where the library district's proposed budget "incease[s] or decrease[s] the appropriation last provided for by the annual budget," that proposed budget must "be submitted to the voters of the public library district for approval by a majority of the qualified voters of the municipalities casting votes at an election" (L 1992, ch 456, § 5 [a]). Between 20 and 30 days prior to the budget vote, the library district's elected Board of Trustees must hold public meetings in each of the municipalities "to hear all persons interested therein" (L 1992, ch 456, § 5 [b]). By statute, the municipalities are precluded from "mak[ing] any change in the estimate of revenues or expenditures," including the [*2]cost of library services to be raised by levy, that are set forth in the library district's proposed budget (L 1992, ch 456, § 5 [c]).
In July 2014, plaintiff — a resident and taxpayer in defendant Town of Queensbury — commenced this CPLR 3001 declaratory judgment action against Queensbury and defendants Town of Moreau, Saratoga County and Warren County, alleging that Queensbury violated the enabling statute, as well as various provisions of the Town Law, by failing to include a line item in its 2014 budget that quantified its taxpayers' share of the library district's 2014 expenditures. Plaintiff also alleged that the outcome of the library district's budget vote was "nullified" because Queensbury approved and adopted its 2014 budget prior to the vote on the library district's proposed 2014 budget. Plaintiff further asserted that Queensbury's failure to itemize its share of the library district's expenditures, as well as its method, "timing of presentation and handling of the budget process," effectively disenfranchised and deprived him — and other "voter-taxpayers" — of due process. He stated that, in contrast, Moreau had engaged in the proper procedure of itemizing its taxpayers' share of the library district's proposed expenditures and adopting its budget after the library district's budget vote. Plaintiff requested that Supreme Court review the contrasting procedures employed by Moreau and Queensbury, "determine which municipality followed the lawful and proper procedures" and issue a declaration directing the offending municipality to adhere to proper procedure "this year and for all future years." In lieu of answering, Queensbury moved to dismiss the amended complaint, and Moreau and Warren County joined in that motion. Supreme Court subsequently granted the motion and dismissed the amended complaint, finding that plaintiff failed to present a justiciable controversy, state a cause of action upon which relief could be granted and demonstrate any type of injury arising out of Queensbury's procedure. Plaintiff now appeals.
We affirm. The sole issue presented in determining a pre-answer motion to dismiss a declaratory judgment action is whether the plaintiff has set forth a cause of action for declaratory relief, without consideration as to whether he or she will ultimately succeed on the merits of the action (see Hallock v State of New York, 32 NY2d 599, 603 [1973]; Matter of Jacobs v Cartalemi, 156 AD3d 635, 637 [2017]; Matter of Dashnaw v Town of Peru, 111 AD3d 1222, 1225 [2013]). Pursuant to CPLR 3001, "[S]upreme [C]ourt may render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of the parties to a justiciable controversy whether or not further relief is or could be claimed." The plaintiff's "allegations must demonstrate the existence of a bona fide justiciable controversy, defined as 'a real dispute between adverse parties, involving substantial legal interests for which a declaration of rights will have some practical effect'" (Palm v Tuckahoe Union Free School Dist., 95 AD3d 1087, 1089 [2012] [internal citations omitted], quoting Chanos v MADAC, LLC, 74 AD3d 1007, 1008 [2010]; see Matter of Green Thumb Lawn Care, Inc. v Iwanowicz, 107 AD3d 1402, 1405 [2013], lv denied 22 NY3d 866 [2014]; see generally New York Pub. Interest Research Group v Carey, 42 NY2d 527, 530-532 [1977]).
According the amended complaint a liberal construction, accepting the allegations contained therein as true and affording plaintiff the benefit of every favorable inference (see Rushaid v Pictet & Cie, 28 NY3d 316, 327 [2016]; Landon v Kroll Lab. Specialists, Inc., 22 NY3d 1, 5-6 [2013]), we agree with Supreme Court that plaintiff failed to present a justiciable controversy that has or will impact his rights as a voting taxpayer, so as to state a cause of action for declaratory relief under CPLR 3001. Initially, contrary to plaintiff's assertions, neither the enabling statute nor the Town Law require Queensbury to specifically itemize in its annual budget the amount that it will levy to satisfy its share of the library district's annual expenditures [*3](see L 1992, ch 456; Town Law § 107). In the absence of a statute expressly requiring the specific itemization sought by plaintiff, the degree of itemization included in a municipal budget is an exercise of municipal discretion, for which the Judiciary lacks the authority to review (cf. Saxton v Carey, 44 NY2d 545, 550-551 [1978]; Urban Justice Ctr. v Pataki, 38 AD3d 20, 30 [2006], appeal dismissed and lv denied 8 NY3d 958 [2007]). The fact that Queensbury and Moreau chose to exercise their discretion differently does not give rise to a justiciable controversy (see generally Roberts v Health & Hosps. Corp., 87 AD3d 311, 324-325 [2011], lvs denied 17 NY3d 717 [2011]). If plaintiff takes issue with Queensbury's failure to itemize its taxpayers' share of the library district's annual expenditures, the remedy lies in the voting booth, where he can vote against the elected town officials responsible for Queensbury's budget (see Saxton v Carey, 44 NY2d at 551; Urban Justice Ctr. v Pataki, 38 AD3d at 30).
Moreover, plaintiff failed to identify how Queensbury's method, "timing of presentation and handling of the budget process" affected his legal rights as a "voter-taxpayer." Queensbury is statutorily precluded from making any changes to the library district's estimate of its annual revenues and expenditures (see L 1992, ch 456, § 5 [c]). In other words, Queensbury cannot affect, or interfere with, the library district's proposed budget; it simply levies an ad valorem tax "upon the real property lying within the boundaries of [its] municipalit[y]" to satisfy its share of the library district's annual expenditures, as determined by a statutory formula (L 1992, ch 456, § 5 [d]). Thus, the inclusion of a specific line item in Queensbury's annual budget regarding its statutory share of the library district's estimated expenditures would have no practical effect on its own municipal budget. In contrast, plaintiff can attend the public hearing held on the library district's proposed budget and subsequently vote on that budget (see L 1992, ch 456, § 5 [a], [b]), with the result of such vote directly determining Queensbury's share of the library district's annual expenditures and, consequently, the amount that Queensbury will ultimately assess him as a taxpayer to satisfy its share of those expenditures. In view of the foregoing, we find that plaintiff failed to present a justiciable controversy so as to state a cause of action for declaratory relief under CPLR 3001 (see Matter of Newton v Town of Middletown, 31 AD3d 1004, 1006 [2006]; Vartanian v Research Found. of State Univ. of N.Y., 227 AD2d 744, 745 [1996], appeal dismissed 88 NY2d 1053 [1996], lv dismissed and denied 89 NY2d 965 [1997]; Matter of Rubin v New York State Educ. Dept., 210 AD2d 550, 551-552 [1994]). Accordingly, Supreme Court properly granted the motion to dismiss the amended complaint.
Garry, P.J., Egan Jr., Mulvey and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.